to supply cars to a shipper on the tracks of another railroad is not binding upon the former company.

3. CARRIER, § 55*—*what not acquiescence in acts of agent.* Knowledge by the vice-president of a railway company from its chief local dispatcher that one of its local agents has received an order or request from the local agent of another road to supply the order for cars made to the latter by one of its patrons does not make such company liable for damages for a delay in filling the order where no contract exists, the act of supplying the cars where the agents of the company have not agreed to do so not constituting acquiescence.

4. CARRIERS, § 55*—*when compliance with previous contracts of agent does not show authority.* The act of the local agent of a railway company in supplying cars for the patrons of another company upon the request of the local agent of the latter does not make the former liable for failure to supply such cars on the ground that the local agent had authority to make a contract binding on it on account of his previous like conduct ratified by the company.

———

## Daisy B. Page, Defendant in Error, v. Brink's Chicago City Express Company, Plaintiff in Error.

### Gen. No. 20,584.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HARRY P. DO-LAN, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed April 26, 1915.

### Statement of the Case.

Action by Daisy B. Page against Brink's Chicago City Express Company in the Municipal Court of Chicago in an action of tort, arising out of a claim for damages to the automobile of the plaintiff in a collision through the alleged negligence of the employee of the defendant. Trial without a jury. Judgment for the plaintiff for $124.15, and defendant brings error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

WILLIAM ENGLISH, for plaintiff in error.

FRANK M. COX and R. J. FELLINGHAM, for defendant in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

### Abstract of the Decision.

1. NEGLIGENCE, § 186*—*when ownership question of fact.* The ownership of a wagon operated by an employee of the defendant in an action for damages for negligence is a question of fact.

2. AUTOMOBILES AND GARAGES, § 2*—*when question of negligence and contributory negligence for jury.* In an action for damages for injury to an automobile in a collision claimed to have been caused by defendant's turning sharply across the path of plaintiff's automobile, necessitating a similar turn by the latter and a consequent collision with a car in the rear, the questions of negligence and contributory negligence were held to be questions of fact.

---

Western Reserve National Bank of Warren, Ohio, Appellee, v. Supply Manufacturing Company, Appellant.

### Gen. No. 19,911.

1. BILLS AND NOTES, § 118*—*when subject to defenses.* Notes which show on their face that they are secured by a chattel mortgage are subject to all defenses existing in favor of the maker against the payee.

2. SALES, § 279*—*when breach of warranty waived.* Breach of warranty is no defense to an action for the purchase price of a printing press where the contract provided that settlement should be made with the vendor upon fulfillment of the guaranty, and it was apparent that in giving the notes the defendant did not rely

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.